UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LANSING STENSON, M.D.,                    No. 2:06-cv-2721-MCE-GGH

      Plaintiff,

  v.                                      MEMORANDUM AND ORDER

JEFFERSON PILOT FINANCIAL
INSURANCE COMPANY, a
corporation,

      Defendant.

----oo0oo----

Lansing Stenson, M.D. ("Plaintiff"), brought this action against Jefferson Pilot Financial Insurance Company ("Defendant") for recovery under a long term disability insurance plan. Plaintiff's First Amended Complaint asserts state law claims under that long term disability policy in addition to claims falling within the federal purview of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA")[1].

---

[1] Defendant has alternately styled the motion as a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). Because materials beyond the four corners of the pleading have been submitted in support of the motion, including both the Jefferson Pilot policies and
(continued...)

1

Defendant now seeks partial summary judgment, or summary adjudication, as to the state law claims on grounds they are pre-empted by the provisions of ERISA. For the reasons set forth below, Defendant's Motion for Partial Summary Judgment is granted.[2]

**BACKGROUND**

In November of 2002, Sutter West Medical Group ("SWMG"), Plaintiff's employer, applied to Defendant for group insurance. SWMG indicated that it was seeking short term disability ("STD"), long term disability ("LTD") and life and accidental death and dismemberment ("AD&D") coverage. SWMG specified the terms for the policies it requested, including eligible classes of employees, coverages, benefit amounts and the maximum benefit period. Additionally, SWMG agreed to pay the premiums for the STD and AD&D policies.

Plaintiff filed his original complaint asserting common law and state law claims, or in the alternative, claims for recovery of benefits under ERISA, although he disputed that ERISA applied. After learning that SWMG paid the employee premiums for the STD and AD&D policies, Plaintiff amended his complaint. In this First Amended Compaint ("FAC") Plaintiff continues to

---

[1](...continued)
the insurance applications submitted by Plaintiff's employer, the court will consider the motion as one for summary adjudication.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

2

assert the same common law and state law claims under the LTD policy. Plaintiff claims the LTD policy is not included with the STD and AD&D benefit plan and that ERISA does not apply.

Defendant asserts that the LTD is part and parcel of SWMG's employee benefit plan and likewise subject to ERISA provisions.

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense. *See* Fed. R. Civ. P. 56(a) ("A party seeking to recover upon a claim ... may ... move ... for a summary judgment in the party's favor upon all or any part thereof."); *see also Allstate Ins. Co. v. Madan*, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); *France Stone Co., Inc. v. Charter Township of Monroe*, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a), 56(c); *Mora v. ChemTronics*, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

3

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. at 323 (quoting Rule 56(c)).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence of this factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251-52 (1986); *Owens v. Local No. 169, Assoc. of Western Pulp and Paper Workers*, 971 F.2d 347, 355 (9th Cir. 1987). Stated another way, "before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it,

4

upon whom the onus of proof is imposed." *Anderson*, *supra*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448, 20 L.Ed. 867 (1872)). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, *supra*, 475 U.S. at 586-87.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *Anderson*, *supra*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

## ANALYSIS

As indicated above, summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact and is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Normally, the existence of an ERISA plan is a question of fact, to be answered in the light of all the surrounding circumstances from the perspective of a reasonable person. *Stuart v. UNUM Life Ins. Co. Of Am.,* 217 F.3d 1145, 1149

1  (9th Cir. 2000).  However, the Ninth Circuit has determined that
2  ERISA status for employee benefit plans can be made as a matter
3  of law.  *See id.*; *Crull v. Gem Ins. Co.,* 58 F.3d 1386 (9th Cir.
4  1995); *Pacificare Inc. v. Martin,* 34 F.3d 834 (9th Cir. 1994);
5  *Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839 (9th Cir.
6  1994).  Accordingly, determination of ERISA status is appropriate
7  on Defendant's Motion for Partial Summary Judgment.
8     ERISA applies broadly to employee benefit plans that are
9  established or maintained by an employer as defined in 29 U.S.C.
10 § 1002(1).  An employer can establish an ERISA plan if it does no
11 more than arrange for a group type insurance program.  *Kanne v.*
12 *Connecticut General Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir.
13 1989).  Even minor, ministerial economic or administrative
14 functions by the employer are enough to establish or maintain an
15 ERISA plan.  *Id.*
16    Under employee benefit programs subject to ERISA, state law
17 and common law actions are pre-empted.  29 U.S.C. § 1144(a).
18 This pre-emptive language is broadly construed, and has been
19 extended to tort and contract actions.  *See Pilot Life Ins. v.*
20 *Dedeaux*, 481 U.S. 41, 48 (1987) (overturned on other grounds).
21    In the present case, SWMG's acts in establishing the group
22 insurance plan surpass the threshold required to create an ERISA
23 benefit plan.  After receiving notice of increased policy
24 premiums under their old insurance plan, SWMG sought a new
25 provider for an insurance package that included all three types
26 of plans.  SWMG, through their insurance agent, chose Defendant's
27 policies over those of other providers.  Additionally, SWMG
28 established eligibility requirements and selected the benefit

amounts, coverages and maximum benefit period.[3]

For Plaintiff to defeat the motion for partial summary judgment, the insurance package must fall within the so-called "Safe Harbor" provision of ERISA. The group insurance program must meet all four of the criteria delineated below to be exempt from ERISA coverage:

(1) No contributions are made by an employer;

(2) Participation is completely voluntary for employees;

(3) The only permissible functions of the employer with respect to the program are to allow the insurer to publicize the program without endorsing it and to collect premiums through payroll deductions;

(4) The employer receives no consideration other than reasonable compensation for administrative services actually rendered in connection with payroll deductions.

*Kanne, supra*, 867 F.2d at 492 (relying on 29 C.F.R. § 2510.3-1(j)).

SWMG's actions with respect to the benefit package as a whole clearly does not meet the Safe Harbor requirements. By choosing the plan provider, the terms of the plan and paying the premiums for the STD and AD&D plans, SWMG goes well beyond merely allowing the insurer to advertise its coverage. Additionally, participation in the STD and AD&D programs is not voluntary. Consequently, SWMG's plan as a whole falls within the purview of ERISA.

---

[3] Plaintiff contends that Jefferson Pilot or SWMG's insurance agent chose the policy coverages and benefits because the application itself was not drawn up by SWMG. However, the application was reviewed by SWMG's Director of Administrative Services and found to reflect SWMG's choices. Additionally, the application was signed by Dr. Harris Levin, the authorized representative for SWMG.

7

1  Plaintiff nonetheless argues that the LTD coverage contained
2 within the SWMG plan is separate from the components of the
3 Plaintiff's benefit package governed by ERISA, thereby allowing
4 suit on state law grounds as to the LTD coverage. Even assuming
5 that the LTD plan is separable, this argument fails, as SWMG's
6 endorsement of the LTD plan runs afoul of the third Safe Harbor
7 requirement delineated above. Regardless, the contention that it
8 is possible to divide ERISA plans into ERISA and non-ERISA
9 portions has been universally rejected. Employee benefit
10 programs are construed as a whole. *Peterson v. American Life &*
11 *Health Ins. Co.*, 48 F.3d 404, 407 (9th Cir. 1994). Thus, to the
12 extent that any portion of SWMG's employee benefit plan is
13 subject to ERISA, any claims under the plan are entirely pre-
14 empted by ERISA.
15  Here, Plaintiff's First, Second and Third Claims for Relief
16 in the Plaintiff's FAC are common law and state law causes of
17 action for breach of contract, bad faith dealing and violation of
18 California's Unfair Competition Law. CAL. CODE BUS. & PROF § 17200
19 (Deering 2007). These claims are plainly pre-empted by ERISA for
20 the reasons set forth above. Hence, the Court finds the
21 Defendant's Motion for Partial Summary Judgment to be well taken.

## CONCLUSION

25  This Court finds that the LTD plan is part of Sutter West
26 Medical Group's employee benefit plan, which is an ERISA plan.
27 This Court further finds Plaintiff's First, Second and Third
28 claims for relief in his First Amended Complaint to be pre-empted

by ERISA.  Accordingly, partial summary judgment on these claims is GRANTED in favor of Jefferson Pilot Financial Insurance Company.

Dated: June 21, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE